# Reed v. Alta Friendly Society, Appellant.

*Beneficial associations—By-laws—Benefits—" Usual vocation."*

1. A provision in the by-laws of a beneficial association, which entitles a member to benefits when "disqualified from attending to his usual vocation or other employment or occupation," is not to be construed as requiring a member to aver and prove, in order to be entitled to benefits, that he was disqualified from attending to his usual vocation and all other occupations.

2. The words of such a by-law create two classes who may be entitled to benefits, those who have a usual vocation and are disqualified from attending to it, and those who, having no regular vocation are disqualified from attending to any employment.

3. Where the by-laws of a beneficial association make a distinction between disability arising from disease, and disability arising from accident, and provide that no member shall be entitled to benefits for any accident unless it be severe enough to visibly and actually disable him, and also provide that when a member shall be able to leave the house he shall not be entitled to receive benefits, the latter provision applies to disability arising from disease, and a member claiming benefits for a broken wrist will not be required to aver and prove that he was not able to leave his house during the period for which he claimed benefits.

Argued Oct. 12, 1910. Appeal, No. 62, Oct. T., 1910, by defendant, from judgment of C. P. No. 5, Phila. Co., Dec. T., 1909, No. 296, for plaintiff on demurrer in case of Nancy A. Reed v. Alta Friendly Society. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Affirmed.

412 REED *v.* ALTA FRIENDLY SOCIETY, Appellant.

Statement of Facts—Opinion of the Court.    [46 Pa. Superior Ct.

Assumpsit for benefits.

Demurrer to statement of claim.

The opinion of the Superior Court states the case.

The court in an opinion by RALSTON, J., overruled the demurrer.

*Error assigned* was the judgment of the court.

*T. Elliott Patterson,* for appellant, cited: Schneps v. Fidelity & Casualty Co., 101 N. Y. Supp. 106; Cooper v. Phœnix, etc., Benefit Assn., 141 Mich. 478 (104 N. W. Repr. 734).

*Geo. W. Mitchell,* for appellee, cited: Wilson v. Gray, 127 Mass. 98; Wolcott v. Ins. Assn., 55 Hun, 98 (8 N. Y. Supp. 263); Sawyer v. Casualty Co., 8 Am. L. Reg. (N. S.) 233; Hooper v. Insurance Co., 5 H. & N. 546; Hutchinson v. Supreme Tent of K. M. W., 68 Hun, 355 (22 N. Y. Supp. 801) Neill v. United Friends, 28 N. Y. Supp. 928; McMahon v. Supreme Council, 54 Mo. App. 468; Young v. Travelers' Ins. Co., 80 Me. 244 (13 Atl. Repr. 896).

OPINION BY PORTER, J., April 17, 1911:

The plaintiff is a member and certificate holder of the defendant company and brought this action to recover benefits alleged to be due her for disability resulting from an accident. The statement which she filed set forth at length the certificate and by-laws of the defendant company upon which she based her right to recover. The provision of the by-laws which is material is as follows: "Any such member who shall through sickness or accident become disqualified from attending to his usual vocation or other employment or occupation and shall be under medical treatment for a period of not less than seven days shall be entitled to receive from the society such weekly benefits or sums of money as may be specified in his certificate of membership." The statement averred that the plaintiff "became and was disabled and disqualified from doing her

usual work or attending to her usual vocation on account of accidentally fracturing her wrist for a long time . . . . and was under the constant care of recognized physicians and surgeons." The defendant demurred to the statement, the court below entered judgment in favor of the plaintiff on the demurrer, and the defendant appeals.

The provision of the by-laws above quoted entitles a member to benefits when "disqualified from attending to his usual vocation or other employment or occupation," and the first ground upon which the defendant demurred was that the statement of plaintiff only averred that she was "disqualified from attending to her usual vocation," on account of the accident. The contention of the defendant is that the plaintiff should have averred that she was "disqualified from attending to her usual vocation or other employment or occupation." The defendant company had it in its power to so frame its by-law that it would only become liable to pay benefits to a member when that member was disqualified from doing any work, but it did not see fit to do so. It did covenant that it should become liable when a member was disqualified from attending to his usual vocation or other employment or occupation. Vocation is a calling or designation to a particular activity, office, or duty, including professions as well as mechanical occupations. There are many persons in the various classes who are likely to become connected with companies of the character of this defendant who have no regular vocation, but who are employed from time to time at different occupations. The by-law in question was manifestly intended to apply to all the various classes of those who might become members of the society, whether such members, respectively, pursued regular vocations or were accustomed to accept whatever employment might be offered. The disqualification which should entitle a member to benefits was intended to embrace all classes, the man who had no regular trade or business, as well as the man who was designated to a particular activity. The defendant insists that this by-law must be so

construed as to require a member to aver and prove, in order to be entitled to benefits, that he was disqualified from attending to his usual vocation and all other occupations. The by-law does not so read, it is expressed in the alternative. The words of the by-law create two classes who may be entitled to benefits, those who have a usual vocation and are disqualified from attending to it, and those who, having no regular vocation, are disqualified from attending to any employment. The first ground of demurrer is not well taken.

The second ground of demurrer alleged was, "that the plaintiff nowhere avers that she was not able to leave her house or that she did not leave her house during the period for which she claims benefits." The defendant relies, in support of this ground of demurrer, upon a provision of the by-laws not directly connected with the particular covenant upon which the plaintiff declared, which provision is in these words: "When a member claiming benefits shall be able to leave the house he shall not be entitled to and shall not receive any benefits." This provision follows the direct covenant of the company upon which the plaintiff relied, from which it is separated, however, by very numerous provisions of the by-laws. The intervening provisions regulate the manner in which members entitled to benefits shall make claims, the certificates which they shall furnish, the number of weeks for which they shall be entitled to receive benefits, for sickness or accident, during the years they continue to be members, and various other provisions of which we deem only the following to be material. "It is further expressly provided that no member shall be allowed or granted or entitled to receive during the first two years of his membership any weekly benefit or money unless he shall be wholly, actually and necessarily confined to bed and have some well defined disease and he shall in such event be entitled to receive the benefits only for and during the time thus confined to bed and at the weekly rate specified in his certificate of membership and not exceeding the number of weeks

above mentioned. And during the first two years of his membership no member shall be entitled to benefits for any accident unless it be severe enough to visibly and actually disable the member." Following the provisions quoted are a number of regulations exempting the company from liability for benefits for disability resulting from certain ailments, and requiring members to submit to examination by officers and physicians of the society, and after all this comes the provision with regard to those claiming benefits being able to leave the house, upon which the appellant relies. The by-laws make a distinction between disability arising from disease and disability arising from accident. When a member alleges disability arising from disease he is only, during the first two years of his membership, entitled to benefits while necessarily confined to bed. But he is entitled to benefits for an accident when it is "severe enough to visibly and actually disable" him. There is probably good ground for making this distinction to be found in the fact that disease may be feigned, while an accident of the kind required under this by-law results in an actual and visible injury. We are of opinion that the provision of the by-law upon which the defendant relied as the second ground of demurrer, must be read in connection with and only refers to the provisions applying to members who claim benefits for disability resulting from disease. The member who claims benefits for an accident "severe enough to visibly and actually disable" him, is not required either to aver or prove that he has been confined to his bed or his house. The specifications of error are overruled.

The judgment is affirmed.